IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FAMILIES & YOUTH, INC.,

        Plaintiff,

v.                                                   No. CV 15-00023 WJ/KK

STATE OF NEW MEXICO, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S AMENDED MOTION TO REMAND**

THIS MATTER comes before the Court upon the Amended Motion to Remand **(Doc. 7)** filed on February 5, 2015, by Plaintiff Families & Youth, Inc. ("FYI"). Having reviewed the parties' briefs and applicable law, the Court finds that FYI's motion is not well taken and, therefore, is **DENIED**.

### BACKGROUND

The following allegations taken from the complaint are accepted as true for present purposes. FYI is a non-profit corporation providing behavioral healthcare services to Medicaid beneficiaries in New Mexico via contracts with Defendant New Mexico Human Services Department ("HSD"). In February 2013, an HSD contractor performed an audit on FYI and fourteen other healthcare providers, and the contractor subsequently produced a report concluding that all fifteen providers had failed the audit. Although the contractor's report stated that it "did not uncover what it would consider to be credible allegations of fraud," HSD rejected this conclusion and removed that sentence from the final audit report.

In June 2013, based on its determination that "credible allegations of fraud" had been raised against FYI and the other healthcare providers, HSD and its employees decided to suspend Medicaid payments to the providers and referred them to the Attorney General's Medicaid Fraud Control Unit. HSD also met with FYI to notify it of the suspension of its Medicaid payments. HSD then sent a letter to FYI noting that the suspension was temporary and providing that FYI could request an "administrative records review" to see whether good cause existed to end the payment suspension in whole or in part. FYI timely requested administrative review of the suspension of payments, but HSD denied this request on or about July 18, 2013. According to FYI, its Medicaid payments have remained suspended ever since. HSD also denied a request under the New Mexico Inspection of Public Records Act ("IPRA"), NMSA § 1978, § 14-2-1, *et seq.*, to provide FYI an unredacted copy of the audit report as well as related correspondence.

The crux of FYI's present concerns appears to be threefold. First, FYI believes that HSD did not properly determine that credible allegations of fraud existed against it. Second, FYI disputes that a suspension of Medicaid payments lasting over twenty months could be considered "temporary" under the governing federal and state regulations. Third, and relatedly, FYI insists that it was entitled to a provider hearing pursuant to Medicaid regulations when HSD suspended its Medicaid payments "indefinitely" based on purported allegations of fraud.

In the operative complaint filed in state court in December 2014, FYI seeks declaratory judgment against HSD concerning these disputed matters. FYI also alleges that its due process rights under the Fourteenth Amendment were violated when HSD caused its payment suspension to last for an indefinite period and withheld payments without properly determining whether credible allegations of fraud existed. FYI further alleges breach of contract and IPRA violations.

After Defendants State of New Mexico and HSD[1] removed the action to this Court, FYI filed the instant motion. Although captioned as a motion to remand, FYI's filing seeks three outcomes: (1) abstention and remand of the full case pursuant to *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941); (2) certification of underlying state-law questions to the New Mexico Supreme Court; and/or (3) refusal of supplemental jurisdiction over state-law claims and remand of these claims to state court. Defendants oppose each of these options.

## DISCUSSION

### I. *Pullman* Abstention and Certification

In their removal notice, Defendants point to Count II, alleging Fourteenth Amendment violations under 42 U.S.C. § 1983, as justification for removal of the case pursuant to 28 U.S.C. §§ 1331 and 1441. *See* (**Doc. 1**), Notice of Removal, at 2. However, FYI asserts that resolution of its § 1983 claim "hinges upon the interpretation of HSD's payment withhold regulations," and therefore the Court should either remand this action to state court or certify questions regarding interpretation of those regulations to the state supreme court.

#### A. Legal Standards

Where "federal constitutional issues at stake could be mooted or presented in a different posture by a determination of state law," federal abstention pursuant to *Pullman* is appropriate if

> (1) an uncertain issue of state law underlies the federal constitutional claim; (2) the state issues are amenable to interpretation and such an interpretation obviates the need for or substantially narrows the scope of the constitutional claim; and (3) an incorrect decision of state law . . . would hinder important state law policies

*Kan. Judicial Review v. Stout*, 519 F.3d 1107, 1118-19 (10th Cir. 2008) (quotation omitted). However, this principle "contemplates that deference to state court adjudication only be made

---

[1] As these are the only Defendants challenging the instant motion, the use of the term "Defendants" in this document refers solely to the State of New Mexico and HSD unless otherwise specified.

where the issue of state law is uncertain," *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 306 (1979), and where the state-law issue is dispositive to the federal claim, *see Va. Office for Protection and Advocacy v. Stewart*, 563 U.S. 247, ---, 131 S. Ct. 1632, 1644 (2011) (Kennedy, J., concurring). Accordingly, *Pullman* abstention "is used only in exceptional circumstances." *Stout*, 519 F.3d at 1119 (quoting *S & S Pawn Shop, Inc. v. City of Del City*, 947 F.2d 432, 442 (10th Cir. 1991)).

Relatedly, where a question of state law is both "unsettled and dispositive," a federal court "faced with a novel state-law question [may] put the question directly to the State's highest court." *Id.* at 1119 (citations omitted). "[T]he touchstone of [the] certification inquiry is whether the state statute is readily susceptible of an interpretation that 'would avoid or substantially modify the federal constitutional challenge to the statute.'" *Id.* at 1119-20 (quoting *Bellotti v. Baird*, 428 U.S. 132, 148 (1976)). Given the choice between *Pullman* abstention and certification, "the Supreme Court has expressed a preference for certifying questions to a state's supreme court." *Id.* at 1119.

B. Regulatory Framework

FYI alleges that two purported state-law issues could affect the resolution of its § 1983 claim. The Court first examines the relationship between the relevant state and federal regulations before resolving this question.

The federal regulation, 42 C.F.R. § 455.23, sets forth the procedure for suspending Medicaid payments to healthcare providers in cases of fraud. The regulation generally requires that state Medicaid agencies "must suspend all Medicaid payments to a provider after the agency determines there is a credible allegation of fraud for which an investigation is pending under the

Medicaid program."[2] 42 C.F.R. § 455.23(a)(1). However, such a suspension must be temporary in nature. *Id.* § 455.23(c). Under certain conditions, a state may also reach a finding that good cause exists not to suspend payments, or to suspend payment only in part. *Id.* § 455.23(e), (f). Further, "[a] provider may request, and must be granted, administrative review where State law so requires." *Id.* § 455.23(a)(3). The term "administrative review" is not expressly defined in the federal regulations.

One New Mexico regulation requires that HSD hold provider administrative hearings in most cases where a provider disagrees with an HSD decision concerning payments. *See* N.M. CODE R. § 8.352.3.9. Specifically, that regulation states that HSD must establish hearings for providers who disagree with its decisions, "[w]ith the exception of referrals for credible allegations of fraud." *See id.* Another regulation says that a provider can request, and must be granted, a hearing when "the provider disagrees with a decision . . . with respect to recovery of overpayments due to provider billing error including incorrect billing, . . . or imposition of a sanction or other remedy, with the exception of a temporary payment suspension for credible allegations of fraud." *See id.* § 8.352.3.10(C)(1)(c).

C. "Temporary" Payment Suspensions

In its motion, FYI claims that any determination of whether its months-long payment suspension can be considered temporary must be made with reference to state regulations. According to N.M. CODE R. § 8.352.3.3, the authority for state regulations covering provider hearings is based in federal regulations and state statute. However, the question of whether a suspension is "temporary" would appear to be made solely by reference to § 455.23(c). *Cf. Janek v. Harlingen Family Dentistry, P.C.*, 451 S.W. 97, 103 (Tex. Ct. App. 2014) (referring only to

---

[2] The definition of the term "credible allegation of fraud" is provided elsewhere in the regulations and is not relevant to the question before the Court at this time.

federal language on "temporary" suspensions where state regulation required that the suspension be imposed in accordance with § 455.23). FYI points to no New Mexico statutory or regulatory authorities defining the term "temporary" in this context; although the term appears briefly in one state regulation, that provision simply uses the term to discuss the sorts of payment suspensions imposed for "credible allegations of fraud" pursuant to § 455.23. *See* N.M. CODE R. § 8.352.3.10(C)(1)(c); *cf. Janek*, 451 S.W. at 103.

FYI concedes in its reply brief that at least two New Mexico state court trial judges have resolved this question with reference to only this federal regulation. *See Easter Seals El Mirador v. Human Servs. Div.*, No. D-101-CV-2014-01784, slip op. at 1 (N.M. 1st Judicial Dist. Ct. Mar. 3, 2015); *N.M. Psychiatric Servs. Corp. v. Human Servs. Div.*, No. D-101-CV-2012-02787, slip op at 1-2 (N.M. 1st Judicial Dist. Ct. Nov. 25, 2013).[3] Moreover, FYI has not cited, and the Court is not aware of, any authority from other jurisdictions that defines the term "temporary" in this context with reference to anything other than § 455.23(c). *Cf., e.g.*, *ABA, Inc. v. District of Columbia*, 40 F. Supp. 3d 153, 170 (D.D.C. 2014) (considering only § 455.23(c) in determining whether a suspension was temporary); *Mehran Zamani, DDS, P.C. v. Bremby*, 54 Conn. L. Rptr. 83, at *6 (Conn. Super. Ct. 2012) (unpublished) (same). For this reason, FYI has failed to show that the question of whether its payment suspension is temporary constitutes an uncertain issue of *state* law, and thus the Court will neither abstain from deciding this question nor certify the question to the New Mexico Supreme Court.

D.  <u>Hearings for Payment Suspensions Under § 455.23</u>

FYI also asserts that a question of state law exists as to whether the term "administrative review" in 42 C.F.R. § 455.23(a)(3) could encompass provider hearings as set forth in N.M.

---

[3] The Court emphasizes that these state-court holdings are not decisions of the New Mexico Supreme Court or the New Mexico Court of Appeals, and as such they are not cited as binding authority.

CODE R. § 8.352.3.9. The federal regulation covering credible allegations of fraud only requires "administrative review *where State law so requires*." 42 C.F.R. § 455.23(a)(3) (emphasis added). The state regulations here exempt HSD from creating a provider hearing process for referrals for credible allegations of fraud, *see* N.M. CODE R. § 8.352.3.9, and prohibit providers from requesting a hearing when they disagree with a decision concerning "a *temporary* payment suspension for credible allegations of fraud," *id.* § 8.352.3.10(C)(1)(c) (emphasis added). FYI has not pointed to any other state regulations or decisions that would require a provider hearing in such instances. *See Border Area Mental Health Servs, Inc. v. Squier*, No. 13-cv-613 MCA/WPL, slip op. at 5 (D.N.M. July 25, 2013) (recognizing in dictum that no administrative review of temporary payment suspensions under § 455.23 is available after the "good cause" provisions of §§ 455.23(e) and (f) have been exhausted).

In its reply brief, FYI concedes that under § 8.352.3.10(C)(1)(c), "there is no right to a provider hearing when a payment suspension is 'temporary.'" However, FYI insists that the regulations allow it to request a hearing when a payment suspension for credible allegations of fraud is *not* temporary, since § 8.352.3.10(C)(1)(c) allows providers to request a hearing in all cases except for *temporary* suspensions. More precisely, FYI claims that state law is unclear as to whether a provider hearing can be requested—and is therefore required—when payment is suspended for an *indefinite* period of time due to credible allegations of fraud.

The Court declines to reach this issue for now. The cornerstone of FYI's § 1983 claim is that its payment suspension was not temporary, a question that the Court has noted is resolved by reference to § 455.23(c). Only if FYI's suspension is found to have *not* been temporary will a determination need to be made as to whether a provider hearing is required under 42 C.F.R. § 455.23(a)(3) and N.M. CODE R. § 8.352.3.10(C)(1)(c) in such cases. On the other hand, if

7

FYI's payment suspension is found to be temporary, the issue of provider hearings for indefinite suspensions is moot, as by FYI's own acknowledgement those regulations would appear to foreclose the need for a hearing. Because the question of the temporary or indefinite nature of FYI's payment suspension is not presently before the Court, and conceivably may never be before the Court, neither abstention nor certification is proper at this time. *See, e.g.*, *Stewart*, 563 U.S. at ---, 131 S. Ct. at 1644 (Kennedy, J., concurring) (recognizing that *Pullman* abstention is appropriate only when a state-law issue is dispositive of a federal claim); *Stout*, 519 F.3d at 1119 (noting that courts may only certify questions of state law that are both "unsettled and dispositive" (quotation omitted)).

## II.     Supplemental Jurisdiction

Defendants presumably removed the remaining state-law claims pursuant to 28 U.S.C. § 1367(a).[4] However, the Court may decline to exercise supplemental jurisdiction over a state-law claim if "(1) the claim raises a novel or complex issue of State law, [or] (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c). FYI encourages the Court to refuse jurisdiction over its state-law claims on these bases.

---

[4] As discussed in Federal Rule of Civil Procedure 8(a)(1), Defendants' Notice of Removal must state "a short and plain statement of the grounds for the court's jurisdiction" over any claim for relief. Although Defendants' Notice states that the Court has original jurisdiction pursuant to 28 U.S.C. § 1331, that statute only provides jurisdiction over the federal claim raised in Count II; Defendants failed to expressly allege a basis for the Court's exercise of jurisdiction over the remaining state-law claims. Although Defendants' removal notice is therefore arguably defective, it is not fatally so; it is obvious that Defendants mean to assert jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a), and any defect could be cured through amendment of the notice of removal. *See Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1269-70 (D. Or. 2001) (citing *Booty v. Shoney's, Inc.*, 872 F. Supp. 1524, 1529 (E.D. La. 1995)). Because the basis for exercising jurisdiction over the state-law claims is obvious from the face of the pleadings, and because no party has alleged that Defendants' Notice of Removal is irredeemably defective, the Court will take no action at this time. However, the Court encourages Defendants to amend their Notice of Removal accordingly, and if FYI challenges that document under Rule 8(a)(1), the Court will direct Defendants to do so.

A.  New Mexico Declaratory Judgment Act

FYI first argues that the Court should decline to exercise jurisdiction over Count I, brought pursuant to the New Mexico Declaratory Judgment Act, N.M.S.A. 1978, § 44-6-1, *et seq*. This claim essentially seeks a declaratory judgment that FYI is entitled to a provider hearing pursuant to 42 C.F.R. § 455.23 and N.M. CODE R. § 8.352.3.9.

The Court concludes that at this time, a novel or complex issue of state law is not yet before it. As with FYI's § 1983 claim, for the Court to reach the question of whether a provider hearing is required for non-temporary payment suspensions, the Court must first find that the payment suspension here is not temporary, an issue governed by 42 C.F.R. § 455.23(c). Otherwise, FYI has conceded that "there is no right to a provider hearing when a payment suspension is 'temporary.'" **(Doc. 14)**, Reply, at 1. Because the novelty and complexity of the remaining state-law issues relevant to this claim, to say nothing of the merits of the claim, are not yet before the Court, it would not be appropriate to decline to exercise jurisdiction on this basis.

For similar reasons, it cannot be said that this declaratory claim substantially predominates over the § 1983 claim in Count II. If anything, these claims run parallel to each other and are not "predominantly distinct in scope." *See Gold v. Local 7 United Food & Commercial Workers Union*, 159 F.3d 1307, 1310-11 (10th Cir. 1998), *overruled on other grounds by Styskal v. Weld Cnty. Bd. of Comm'rs*, 365 F.3d 855 (10th Cir. 2004).

Finally, FYI questions whether this Court can exercise jurisdiction at all over its New Mexico Declaratory Judgment Act claim, positing that N.M.S.A. 1978, § 44-6-2 limits jurisdiction over such claims to state district courts. FYI does not dispute that the Court has jurisdiction over his § 1983 claim, and it concedes in its motion that its state-law claims are so related to Count II that it "form[s] part of the same case or controversy." 28 U.S.C. § 1367(a).

As such, FYI's argument has no merit and the Court will not decline to exercise jurisdiction over Count I.

    B.  <u>Breach of Contract</u>

Count III alleges that Defendants violated their participation agreement with FYI by suspending FYI's payments indefinitely and failing to first afford it a provider hearing. Though FYI asserts that this state-law claim is sufficiently novel or complex, and that it substantially predominates over Count II, so as to warrant a decline of supplemental jurisdiction, FYI does not develop these arguments any further. "The [C]ourt will not consider such issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *See United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004). If it were to do so, however, the Court would deny FYI's request for substantially the same reasons discussed with respect to Count I.

    C.  <u>IPRA</u>

In Count IV, FYI alleges that HSD violated IPRA by refusing to produce a non-redacted copy of the audit report concerning FYI's purportedly fraudulent activities and related correspondence between FYI and other entities. FYI contends that the Court should decline jurisdiction over Count IV because disclosure of the audit report is the subject of pending state-court proceedings brought by other plaintiffs, and because resolution of this claim will require interpretation and application of the "law enforcement" exception, NMSA 1978, § 14-2-1(A)(4).

FYI does not appear to argue that the IPRA claim substantially predominates over the federal due process claim in Count II, but to the extent that FYI presses this argument, the Court rejects it, as there is no reason to believe this to be the case. Further, the interpretation and application of a routine law enforcement exception does not appear to raise a novel or complex issue of state law, notwithstanding the fact that other state courts may also be interpreting and

applying the exception at this time. The Court therefore denies FYI's request to decline jurisdiction over Count IV.

## CONCLUSION

For the foregoing reasons, FYI's Amended Motion to Remand, **(Doc. 7)**, is DENIED.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE